**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK DIXON,

        Plaintiff,

v.                                                  Case No. 16-14439
                                                         Honorable Denise Page Hood

PAROLE AGENT SUPERVISOR
AXLEXIS KRAFT, DEPUTY ADKINS,
CORPORAL KITTLE, SERGEANT
TEETS, PAROLE AGENT DUFFING, and
PAROLE AGENT BENNETT

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#13], DENY
PLAINTIFF'S MOTION TO HOLD IN ABEYANCE OR FOR SUMMARY
JUDGMENT IN HIS FAVOR [#15], AND DISMISS THE CASE**

**I.    INTRODUCTION**

*Pro se* Plaintiff filed this 42 U.S.C. § 1983 lawsuit against multiple defendants. This matter comes before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation dated December 7, 2017 (the "R&R"). In the R&R, the Magistrate Judge recommends that the Court: (a) grant the Motion for Summary Judgment filed by Defendants Kraft, Duffing, and Bennett; (b) deny Plaintiff's Motion to Hold in Abeyance or, in the alternative, for Summary Judgment in his Favor; (c) *sua sponte* dismiss the claims against Defendants Adkins, Kittle, and Teets; and (d)

dismiss Plaintiff's cause of action. Defendants Adkins, Kittle, and Teets have filed objections to the R&R, to which Plaintiff filed a response, and Plaintiff separately filed objections to the R&R.

## II. ANALYSIS

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Court has reviewed the parties' objections and comes to the following conclusions.

### 1. *Objections of Defendants Adkins, Kittle, and Teets*

Defendants Adkins, Kittle, and Teets first objection is that the Magistrate Judge erred when concluding that "Defendants" did not have reasonable suspicion to search Plaintiff's garage. The Court understands the basis of the objection because the R&R utilizes the term "Defendants" when analyzing whether there was reasonable suspicion to search Plaintiff's garage. As Defendants Adkins, Kittle, and Teets had filed an answer but not presented argument at the time of the R&R, however, the Court concludes that the findings by the Magistrate Judge regarding reasonable suspicion pertained only to Defendants Kraft, Duffing, and Bennett (and not to Defendants Adkins, Kittle, and Teets).

Defendants Adkins, Kittle, and Teets next object to the Magistrate Judge's recommendation that the Court find that they were not entitled to qualified immunity as a matter of law. The Court concludes that: (1) as discussed above, the Court found

that the Magistrate Judge's analysis regarding reasonable suspicion was not binding on Defendants Adkins, Kittle, and Teets (only on Defendants Kraft, Duffing, and Bennett); (2) that finding extends to the Magistrate Judge's analysis regarding qualified immunity related to the reasonable suspicion issue; and (3) the Magistrate Judge did recommend that the Court dismiss the case as to all Defendants based on qualified immunity stemming from Plaintiff's consent to suspicionless searches.

For the reasons stated, the Court denies the objections to the R&R filed by Defendants Adkins, Kittle, and Teets.

*2.  Plaintiff's Objections*

Plaintiff asserts three objections to the R&R, though the first two are related. Plaintiff objects to the Magistrate Judge's recommendation that the Court find that he consented to a search of his home with or without suspicion – and to the Magistrate Judge's *sua sponte* extension of that finding to Defendants Adkins, Kittle, and Teets. Plaintiff argues that he never signed the special conditions of parole document requiring that he consent to a search of his person or property upon demand of a peace officer. The Court cannot agree with Plaintiff.

In Exhibit A to Plaintiff's Complaint [Docket No. 1, PgID 8], Plaintiff signed a document on September 24, 2014 titled "PAROLE CONDITIONS," with the signature right below an "AGREEMENT OF PAROLE" statement, pursuant to which

3

Plaintiff represented that he had "read or heard the parole conditions and special conditions and received a copy" of them. The "PAROLE CONDITIONS" included the following paragraph:

> (10) SPECIAL CONDITION: You must comply with special conditions imposed by the Parole and Commutation Board and with written or verbal orders made by the field agent.

In Exhibit 1 to the Motion for Summary Judgment filed by Defendants Kraft, Duffing, and Bennett, the "Special Conditions" applicable to Plaintiff's parole commencing on September 24, 2014 (the same date he signed his "Parole Conditions") include the following paragraph:

> 4.2 Written Consent to Search the Parolee's person and/or property, MCL 791.236(19): I voluntarily consent to a search of my person and property upon demand by a peace officer or parole officer. If I do not sign this written consent, I understand that my parole may be rescinded or revoked.

Contrary to Plaintiff's objection, the Court concludes that Plaintiff did sign and consent to being searched upon demand, even without reasonable suspicion. The Court also agrees with the Magistrate Judge that this finding should be applied to Defendants Adkins, Kittle, and Teets.

Plaintiff's last objection is that this matter should be held in abeyance to allow for discovery. The Court is not persuaded by Plaintiff's argument. As set forth above, Defendants had the right to search Plaintiff, as a matter of law, due to his written

4

consent given upon being paroled. No amount of discovery can change that conclusion.

For the reasons stated, the Court denies Plaintiff's objections to the R&R.

## III. CONCLUSION

Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety.

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 26, filed December 7, 2017] is **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the objections filed by Defendants Adkins, Kittle, and Teets [Docket No. 29, filed December 21, 2017] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections [Docket No. 30, filed January 8, 2018] are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment filed by Defendants Kraft, Duffing, and Bennett [Docket No. 13, filed March 24, 2017] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold in Abeyance or for Summary Judgment [Docket No. 15, filed April 3, 2017] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Adkins, Kittle, and Teets are **DISMISSED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager