# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FREDERICK DIXON,

       Plaintiff,

v.

PAROLE AGENT SUPERVISOR
AXLEXIS KRAFT, DEPUTY ADKINS,
CORPORAL KITTLE, SERGEANT
TEETS, PAROLE AGENT DUFFING, and
PAROLE AGENT BENNETT

       Defendants.

Case No. 16-14439
Honorable Denise Page Hood

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION [Dkt. No. 36]

## I.    INTRODUCTION

*Pro se* Plaintiff filed this 42 U.S.C. § 1983 lawsuit against multiple defendants.

This matter comes before the Court on Plaintiff's Motion for Reconsideration [Dkt.

No. 36] of the Court's January 31, 2018 Order adopting Magistrate Judge Elizabeth

A. Stafford's Report and Recommendation. Dkt. No. 34.

## II.   ANALYSIS

## A.    Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the

motion for reconsideration must: (1) demonstrate a palpable defect by which the Court

and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

## B.    Analysis

The Court finds that Plaintiff fails to offer any new argument in his Motion for Reconsideration. Plaintiff's current arguments, like his arguments with respect to the motion for summary judgment filed by a number of Defendants and the arguments he made in his objections to the Report and Recommendation, focus on the documents

related to Plaintiff's parole conditions. As Plaintiff's arguments regarding the manner in which he consented to a search for any reason – specifically, the documents he signed – are nothing more than a "present[ation of] the same issues ruled upon by the Court," they are denied. *See* E.D. Mich. L.R. 7.1(h)(3).

The Court concludes that Plaintiff has not satisfied his burden of demonstrating a palpable defect by which the Court was misled and denies Plaintiff's Motion for Reconsideration.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion for Reconsideration [Dkt. No. 36] is **DENIED**.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: March 12, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager